# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT
_____

Nos. 03-2997SI, 03-2998SI
_____

|  |  |  |
|---|---|---|
| _____ | * | |
| | * | |
| No. 03-2997SI | * | |
| | * | |
| _____ | * | |
| | * | |
| Lincoln National Life Insurance | * | |
| Company; Lincoln Financial Advisors | * | |
| Corporation; | * | |
| | * | |
| Appellants, | * | On Appeal from the United |
| | * | States District Court |
| v. | * | for the Southern District |
| | * | of Iowa. |
| Thomas W. Payne, | * | |
| | * | |
| Appellee. | * | |
| | * | |
| _____ | * | |
| | * | |
| No. 03-2998SI | * | |
| | * | |
| _____ | * | |
| | * | |
| Mary Ann Burris, and Barbara Crosby, | * | |
| | * | |
| Appellants, | * | |
| | * | |
| v. | * | |
| | * | |
| Thomas W. Payne, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: April 12, 2004

Filed: July 8, 2004
_____

Before LOKEN, Chief Judge, RICHARD S. ARNOLD and FAGG, Circuit Judges.
_____

RICHARD S. ARNOLD, Circuit Judge.

Plaintiffs appeal from the District Court's[1] denial of their motions to vacate arbitration awards entered against them. Plaintiffs allege that the arbitration panel manifestly disregarded the law, and that the District Court erred by upholding the panel's decision even though the panel refused to clarify its award in accordance with the District Court's remand order. We review a district court's decision to confirm an arbitration award de novo, Hoffman v. Cargill Inc., 236 F.3d 458, 461 (8th Cir. 2001). Finding no error, we affirm.

"Judicial review of an arbitration award is extremely limited. Beyond the grounds for vacation provided in the [Federal Arbitration Act], an award will only be set aside where 'it is completely irrational or evidences a manifest disregard for the law.' " Kiernan v. Piper Jaffray Companies, Inc., 137 F.3d 588, 594 (8th Cir. 1998) (quoting Lee v. Chica, 983 F.2d 883, 885 (8th Cir. 1993)).

Plaintiffs argue that the arbitrators manifestly disregarded the law. In this case, neither the record nor the award convinces us that the arbitrators manifestly disregarded the law. "We have been careful to distinguish[ ] an arbitrator's

_____

[1]The Hon. Harold D. Vietor, United States District Judge for the Southern District of Iowa.

interpretation of the law, which is insulated from review, from an arbitrator's disregard of the law, which may open the door for judicial scrutiny." <u>Stroh Container Co. v. Delphi Indus., Inc.</u>, 783 F.2d 743, 750 (8th Cir. 1986), citing <u>Wilko v. Swan</u>, 346 U.S. 427, 436-37 (1953). Any disregard "must 'be made clearly to appear' and may be found 'when arbitrators understand and correctly state the law, but proceed to disregard the same.' " <u>Ibid.</u> (quotations omitted). In <u>Stroh</u>, we held that the terseness of an award is not grounds for finding that a panel of arbitrators disregarded the law. <u>Ibid.</u> "Arbitrators are not required to elaborate their reasoning supporting an award, and to allow a court to conclude that it may substitute its own judgment for the arbitrator's whenever the arbitrator chooses not to explain the award would improperly subvert the proper functioning of the arbitral process." <u>Ibid.</u> (quotations omitted). Furthermore, there must be some evidence in the record, other than the result, that the arbitrators were aware of the law and intentionally disregarded it. See <u>Marshall v. Green Giant Co.</u>, 942 F.3d 539, 550 (8th Cir. 1991). Manifest disregard requires something more than a mere error of law. If an arbitrator, for example, stated the law, acknowledged that he was rendering a decision contrary to law, and said that he was doing so because he thought the law unfair, that would be an instance of "manifest disregard." Nothing of the kind appears here. To require anything less would threaten to subvert the arbitral process.

Although the plaintiffs argue that the arbitrators' decision was mistaken, and perhaps it was, they have not convinced us that the arbitrators manifestly disregarded the law. The panel was presented with voluminous evidence and held five weeks of hearings in this case. Although plaintiffs' briefs attempt to characterize the facts of the case in the light most favorable to themselves, the arbitrators were not bound to accept the plaintiffs' version of the facts. Plaintiffs also argue that the arbitrators misapplied the law, but these purported errors of law are not reviewable. Even if we would have reached a different conclusion, we cannot substitute our judgment for that of the arbitrators.

Initially, the District Court remanded this case to the arbitrators, asking that they clarify their award, and stating that clarification was necessary in order for the Court to exercise its reviewing power properly. In the course of its order of remand, the District Court stated that remand was "necessary and appropriate . . . for the limited review allowed by the Federal Arbitration Act and the extra-statutory grounds recognized in the Eighth Circuit." The arbitrators declined to follow this direction, perhaps having in mind the doctrine of <u>functus officio</u>, under which, on occasion, arbitration panels consider themselves powerless to amend or clarify an award. According to plaintiffs, this action by the arbitration panel should have led the District Court to vacate the award. We do not read the words "necessary and appropriate" in the District Court's remand order so literally. Certainly the District Court would have preferred clarification from the arbitration panel, but evidently the Court, having received no clarification, considered itself able to exercise its reviewing function. We agree with this decision.

The judgment of the District Court, confirming the arbitration award, is affirmed.

_____